UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-8094-MWF (Ex) | **Date:** August 4, 2021 |
| **Title:** Douglas B. Scott v. Standard Insurance Company et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER FOLLOWING COURT TRIAL

     This ERISA dispute concerns the termination of Plaintiff Douglas B. Scott's Long Term Disability ("LTD") benefits and the denial of his claim for life insurance premium waiver benefits under an ERISA-governed employee benefits plan provided by Aerojet Rocketdyne Holdings, Inc. (the "Plan").

     Defendant Standard Insurance Company ("Standard") argues that Standard properly concluded that Plaintiff was not disabled under the Plan's "Any Occupation" definition of disability because Standard identified several light and sedentary jobs for which Plaintiff was qualified by his education and experience and physically able to perform. (Opening Trial Brief at 1).

     Defendant filed an Opening Trial Brief on May 14, 2021, 2019. (Docket No. 29). Plaintiff filed its Motion for Judgment Under Federal Rule of Civil Procedure 52 (the "Motion") the same day. (Docket No. 30). Defendant filed a Responsive Trial Brief (the "Responsive Trial Brief") on June 18, 2021. (Docket No. 32). Plaintiff filed an opposition to the Opening Trial Brief that same day. (Docket No. 33).

     For the reasons discussed below, Standard's decision to terminate LTD benefits as of June 1, 2019, is **AFFIRMED**. Plaintiff has failed to carry his burden of showing by a preponderance of evidence that Plaintiff was disabled within the meaning of the Plan. Standard's denial of premium waiver benefits is also **AFFIRMED** as Plaintiff has abandoned this claim on appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-8094-MWF (Ex)            **Date:** August 4, 2021
**Title:** Douglas B. Scott v. Standard Insurance Company et al.

The Court has read and considered the papers filed in connection with the court trial and held a Zoom video hearing on **July 20, 2021**, pursuant to General Order 21-08 arising from the COVID-19 pandemic. The hearing was technically named a "court trial" but was procedurally closer to the review of an administrative record or a hearing on a motion for summary judgment. To the extent it is thought necessary, this Order constitutes the Court's findings of fact and conclusions of law. Fed. R. Civ. P. 52(a)(1).

## I. FINDINGS OF FACT

### A. Plaintiff's Education and Technical Experience

Plaintiff, currently age 58, worked for Aerojet Rocketdyne Holdings, Inc. ("Aerojet") as an aircraft mechanic — a medium-duty occupation. (Administrative Record ("AR") 495 (Docket No. 26)). Plaintiff's education includes three years of college as an Aeronautics major and over 3,000 hours of technical training as an aviation aircraft mechanic. (*Id.*). Plaintiff has 35 years of experience working in aviation maintenance, inspection, and repair, including as a supplier, instructor, consultant, and coach. (AR 496). Plaintiff also has computer skills — including experience with word processing, spreadsheets, and databases — as well as administrative skills, including filing, composing letters and reports, record keeping, tabulating bills and invoices, and monitoring inventory. (*Id.*).

### B. LTD Benefits

The Plan provides monthly LTD benefits to participants who become disabled while covered under the Plan. A participant may be eligible to receive LTD benefits for up to 24 months if he is disabled from his "Own Occupation." (AR 28, 31). After 24 months of benefits, a participant must satisfy the Plan's "Any Occupation" definition of disability, which provides:

> During the Any Occupation Period you are required to be Totally Disabled from all occupations or Partially Disabled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8094-MWF (Ex)                          Date:  August 4, 2021
Title:    Douglas B. Scott v. Standard Insurance Company et al.

> 1. Total Disability Definition:  You are Totally Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to engage with reasonable continuity in Any Occupation.
>
> 2. Partial Disability Definition:  You are Partially Disabled if you are not Totally Disabled and you are actually working in an occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to engage with reasonable continuity in that occupation or Any Occupation.
>
> Any Occupation means all occupations or employment which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity that exists within any of the following locations: (i) a reasonable distance or travel time from your residence in light of the commuting practices of your community; or (ii) a distance or travel time equivalent to the distance or travel time you traveled to work before becoming Disabled; or (iii) the regional labor market, if you reside or resided prior to becoming Disabled in a metropolitan area.

(AR 32).

If all or part of an LTD claim is denied, the participant may request an appeal review in writing within 180 days after receipt of the decision.  (AR 43).

### C.    Approval of LTD Benefits

Plaintiff stopped working on December 1, 2016, and submitted a claim for Short Term Disability ("STD") benefits for a disability caused by low back pain.  (AR 1242-1243, 1128).  On December 7, 2016, Plaintiff's treating doctor, Ryan D. Pearson, M.D., completed an Attending Physician's Statement ("APS"), listing diagnoses of "low back pain" and "other chronic pain," without providing any specific restrictions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-8094-MWF (Ex) | Date: August 4, 2021 |
| Title: Douglas B. Scott v. Standard Insurance Company et al. | |

or limitations. (AR 1128). Dr. Pearson indicated that Plaintiff was expected to return to work on March 5, 2017. (AR 1128).

On January 26, 2017, Carol Vandenakker Albanese, M.D. ("Dr. Vandenakker") completed a Medical Questionnaire restricting Plaintiff from exerting more than 10 pounds of force, from sitting or standing more than 2-3 hours per day, and from walking more than 1 hour per day, based on lumbar disc protrusion L4-5 and lumbar facet arthropathy. (AR 1124-1125). Plaintiff's condition was expected to improve, and his anticipated return to work date was August 1, 2017. (*Id.*).

On March 8, 2017, Kimberly Davis Williams, D.O. completed an APS describing Plaintiff's primary diagnosis as degenerative disc disease of the lumbar spine. (AR 1129). Dr. Williams listed Plaintiff's restrictions as "unable to lift greater than 5 lbs, no prolonged standing, no bending or pulling." (AR 1129). Dr. Williams did not mention any sitting or walking restrictions. (AR 1129). She indicated Plaintiff was treating with physical therapy and provided an expected return to work date of July 1, 2017. (AR 1129).

Standard paid Plaintiff's STD claim through the maximum benefit duration and initiated a claim for LTD benefits on his behalf. (AR 422-423).

Standard determined that Plaintiff could not perform his own medium level occupation due to degenerative disc disease and L4-5 disc protrusion with back and lower extremity pain. (AR 737-739). Accordingly, Standard approved Plaintiff's LTD claim effective June 1, 2017, under the Plan's Own Occupation test of disability. (AR 1628-1632).

### D. Correspondence Regarding Continuing Benefits

In a letter dated August 13, 2018, Standard reminded Plaintiff that the applicable definition of disability would change on June 1, 2019, (after 24 months of benefits), and that Plaintiff would need to satisfy the Plan's "Any Occupation" definition to qualify for continued benefits as of that date. (AR 1664-1667). Standard explained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-8094-MWF (Ex) | Date: August 4, 2021 |
| Title: Douglas B. Scott v. Standard Insurance Company et al. | |

that it would analyze Plaintiff's updated medical and vocational information to evaluate his ability to perform other occupations as of the test change date. (AR 1666).

Plaintiff completed the "Education, Training, and Experience" questionnaire on December 10, 2018. (AR 495-496). He reported "35+ years working in aviation maintenance, quality, inspection, repair, supplier, instructor, consultant and coaching." (AR 496). Plaintiff also reported computer skills including word processing, spreadsheets, and databases. (AR 496). In addition, Plaintiff reported skills in assisting customers, interviewing others, filing, classifying, organizing, composing letters and reports, presentation skills, record keeping, tabulating bills and invoices, and monitoring inventory. (*Id.*).

### E. Medical Records

On March 5, 2019, Standard received medical records for the time period of November 2017 through September 2018. (AR 376, 253). The updated medical records include a November 30, 2017 office visit note by Dr. Vandenakker, stating that Plaintiff's "chronic lumbar radiculopathy is symptomatically improved" and identifying his only restriction as "[n]o heavy lifting/bending." (AR 256).

Dr. Williams examined Plaintiff on December 13, 2017. (AR 257-259). Although Plaintiff had tenderness to palpation in the low midline back, his back was symmetric and his range of motion was normal. (*Id.*). He also had normal strength of the bilateral lower extremities on neurological examination. (*Id.*). Dr. Williams' assessment stated in part: "Plan: emailed Dr. Vandenakker for input regarding disability and advised against moderate to heavy lifting. Said okay to do light work if can have frequent change of position. Disability completed with end date of 6/15/18." (AR 259).

The updated medical records also included a March 21, 2018 progress note by Dr. Williams, documenting that Plaintiff stopped physical therapy after four sessions. (AR 260). Plaintiff's only work restriction was "no heavy lifting/bending." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-8094-MWF (Ex) | **Date:** August 4, 2021 |
| **Title:** Douglas B. Scott v. Standard Insurance Company et al. | |

On September 26, 2018, Plaintiff reported to Dr. Vandenakker that his pain had not progressed since last year. (AR 266). His pain was localized to his low back without radiation, weakness, or numbness. (*Id.*). There were no indications for surgical intervention. (AR 268).

Standard terminated Plaintiff's LTD benefits, effective May 31, 2019. (AR 375).

Plaintiff submitted a July 26, 2019 Physician's Report in which Dr. Vandenakker reported that Plaintiff could lift up to 10 pounds frequently and up to 20 pounds occasionally. (AR 246-248). Dr. Vandenakker identified Plaintiff's only barrier to returning to work as his inability to lift or carry over 30 pounds. (AR 246). Dr. Vandenakker confirmed that Plaintiff could occasionally bend, crawl and kneel, he could frequently reach at or above shoulder level, and he had no limitations in use of his hands. (AR 247). He could sit on an occasional basis with frequent change of position. (AR 247). Dr. Vandenakker did not limit Plaintiff's ability to stand or walk. (AR 224, 245).

### F. Vocational Assessment

Standard's Vocational Case Manager ("VCM") completed a vocational assessment on September 11, 2019, to assess Plaintiff's ability to perform any occupation, given his documented functional capacity, work history, education, training, experience, transferable skills, and labor market analysis. (AR 481-493). Considering the available medical and vocational information, including the information Plaintiff reported on his "Education, Training, and Experience" questionnaire, the consultant identified three suitable alternative occupations that Plaintiff could perform: (1) Air Carrier inspector (light demand level); (2) Administrative Assistant (sedentary); and (3) Administrative Secretary (sedentary). (AR 484-486).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8094-MWF (Ex)                          Date:  August 4, 2021
Title:    Douglas B. Scott v. Standard Insurance Company et al.

### G. Updated Medical Records

Standard obtained updated records from Dr. Vandenakker's office directly. (AR 367-368). According to a July 25, 2019 office visit note authored by Jaime Fong, M.D. and edited by Dr. Vandenakker, Plaintiff was "unable to perform job duties of airplane mechanic due to lumbar degeneration with limitation in ability to lift, carry, bend." (AR 232). The office visit note did not mention any restrictions on Plaintiff's ability to sit, stand, or walk. (AR 232-236).

On September 18, 2019, Plaintiff saw Jorge Cuza, M.D., who similarly noted that Plaintiff was unable to work as an airplane mechanic due to limitations on his ability to lift, carry, and bend. (AR 227). Again, the treating provider imposed no restrictions or limitations on Plaintiff's ability to sit, stand or walk. (AR 227). Plaintiff's symptoms remained stable and moderately controlled, and there were no indications for surgical intervention. (AR 230, 235).

### H. First Independent Peer Review

Standard obtained a peer review from an independent physician consultant specializing in Physical Medicine & Rehabilitation. (AR 209-213). The review was completed on October 22, 2019 by Ephraim Brenman, D.O., who is board certified in Physical Medicine & Rehabilitation with a Subspecialty Certificate in Pain Medicine. (*Id.*).

Dr. Brenman reviewed and summarized Plaintiff's file, including the updated medical records from July and September of 2019. (AR 210-212). Based on the available information, Dr. Brenman determined that Plaintiff "can reasonably work at a light work demand with continuity." (AR 212).

Dr. Brenman made the following notes with respect to Plaintiff's restrictions: (1) Plaintiff was able to lift up to 20 pounds occasionally and 10 pounds frequently, stand and walk frequently, and sit unrestricted with ability to briefly change position as needed; (2) Plaintiff had no restrictions with reaching at desk level, using a keyboard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-8094-MWF (Ex) | Date: August 4, 2021 |
| Title: Douglas B. Scott v. Standard Insurance Company et al. | |

or a mouse, or reaching overhead; and (3) Plaintiff could go up and down stairs frequently, crouch and squat occasionally, climb ladders occasionally, and work on uneven or slippery surfaces occasionally. (AR 212-213).

### I. Determination of Entitlement to "Any Occupation" Benefits

Standard evaluated the available information, including Plaintiff's updated medical records, the independent physician consultant's report, and the vocational assessment, and determined that Plaintiff's claim must remain closed, as he did not meet the Plan's requirements for continued benefits as of the June 1, 2019 test change. (AR 344-350).

On December 4, 2019, Plaintiff sent Standard an email requesting an appeal review of the LTD benefit termination. (AR 207-208). To better understand Plaintiff's condition and the basis for the appeal, Standard interviewed Plaintiff on December 30, 2019. (*Id.*). Plaintiff asserted that his pain precluded him from performing sedentary to light level work, that he stays home doing walking and stretching exercises, and that he uses a zero-gravity chair at home. (*Id.*).

### J. Second Independent Peer Review

As part of its review of Plaintiff's appeal, Standard requested an additional peer review from a different independent physician specializing in Physical Medicine & Rehabilitation. (AR 190-194). The review was completed on January 15, 2020, by Michelle Alpert, M.D. who is board certified in Physical Medicine & Rehabilitation with added expertise in Spinal Cord Injury Medicine. (*Id.*).

Considering all of the available medical information, Dr. Alpert determined that Plaintiff could exert up to 20 pounds of force occasionally and 10 pounds frequently. (AR 193). Dr. Alpert concluded that "[t]he medical records do not support limitations to sitting, standing, and walking; [Plaintiff] has intact strength and sensation and his gait has been documented as being normal and stable." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8094-MWF (Ex) | Date:  August 4, 2021 |
| Title:     Douglas B. Scott v. Standard Insurance Company et al. | |

### K. Updated Vocational Assessment

To assist in its evaluation of Plaintiff's appeal, Standard's VCM completed a second Vocational Assessment on January 17, 2020.  (AR 465-478).  The VCM considered the new information, including Dr. Alpert's peer review, to assess Plaintiff's ability to perform any occupation in light of his updated limited and restrictions.  (*Id.*).  The VCM determined that Plaintiff could perform the three alternate occupations that Standard previously identified.  (AR 465).

### L. Standard Upheld Termination of LTD Benefits

Based on all of the information in the file, including the opinions of Plaintiff's own treating doctors and both independent physician consultants, Standard upheld its determination that Plaintiff was not disabled under the terms of the Plan as of the June 1, 2019 test change date.  (AR 322-329).  Standard conveyed this determination to Plaintiff in a letter dated February 2, 2020.  (*Id.*).

## II. CONCLUSIONS OF LAW

### A. Legal Standard

#### 1. Rule 52(a)

Federal Rule of Civil Procedure 52 provides that "[i]n an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately."  Fed. R. Civ. P. 52(a)(1).  "In a Rule 52 motion, as opposed to a Rule 56 motion for summary judgment, the court does not determine whether there is an issue of material fact, but actually decides whether the plaintiff is [entitled to benefits] under the policy."  *Prado v. Allied Domecq Spirits and Wine Group Disability Income Policy*, 800 F. Supp. 2d 1077, 1094 (N.D. Cal. 2011) (citing *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999)).  In making that determination, the court must "evaluate the persuasiveness of conflicting testimony and decide which is more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8094-MWF (Ex) | Date:  August 4, 2021 |
| Title:     Douglas B. Scott v. Standard Insurance Company et al. | |

likely true" in order to make findings of fact that will be subject to review under a clearly erroneous standard if appealed.  *Kearney*, 175 F.3d at 1095.

### 2. ERISA standard of review

The parties agree that the Court shall review the claim de novo, making its own factual determination of the merits based on the information contained in the Administrative Record.  (Opening Trial Brief at 18; Motion at 13).  On de novo review, the claimant bears the burden of proving entitlement to benefits.  *Muniz v. AMEC Construction Management, Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010).

To prevail, Plaintiff must prove that he was "more likely than not" disabled under the terms of the Plan.  *See Gallegos v. Prudential Ins. Co. of Am.*, No. 16-CV-01268-BLF, 2017 WL 2418008, at *1 (N.D. Cal. June 5, 2017); *Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1163 (9th Cir. 2016) (standard of proof in de novo ERISA disability claim is preponderance of the evidence).

Eligibility for benefits depends on the terms of the Plan, which must be enforced as written.  *Heimeshoff v. Hartford Life & Accident Insurance Co.*, 571 U.S. 99, 108 (2013) (citing 29 U.S.C. § 1102(a)(1)).

### B.    DISCUSSION

As a preliminary matter, the Court notes that Plaintiff has abandoned his claim for life insurance waiver premium benefits, as the Motion and response to Defendant's Opening Trial Brief are completely silent as to that claim.  At the hearing, Plaintiff confirmed that it no longer challenges Standard's decision with respect to this claim.  Accordingly, Standard's denial of Plaintiff's claim for life insurance waiver premium benefits is **AFFIRMED**.

Plaintiff argues that consideration of the record as a whole makes clear that his medical restrictions more likely than not preclude him from working in "Any Occupation" within the meaning of the Plan.  (Motion at 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8094-MWF (Ex)                                Date:  August 4, 2021
Title:     Douglas B. Scott v. Standard Insurance Company et al.

Plaintiff advances three primary arguments for why the opinions of Plaintiff's treating physicians, Drs. Vandenakker, Pearson, Williams, Fong, and Cuza (the "Treating Physicians"), should be given more weight than the opinions of the Standard's consulting physicians, Drs. Alpert and Brennan (the "Consulting Physicians"):  (1) the Treating Physicians are in a better position to evaluate Plaintiff's alleged disability because the Consulting Physicians never examined or spoke with Plaintiff; (2) the Consulting Physicians' reports lack sufficient analysis to support their findings; and (3) the Consulting Physicians' ignored Scott's consistent complaints of pain.  (Motion at 16-23).

Even if this Court were to accept each of these arguments and conclude that the opinions of the Treating Physicians are to be given more weight, Plaintiff has failed to meet his burden of showing by a preponderance of the evidence that he was unable to perform light work that does not require more than occasional sitting.

The Treating Physicians lifted Plaintiff's standing and walking restrictions, and two of them expressly opined that he *could* perform light work if it did not require more than occasional sitting:

- On November 30, 2017, Dr. Vandenakker confirmed that Scott's "chronic lumbar radiculopathy is symptomatically improved."  (AR 256).  By that time, Dr. Vandenakker and Plaintiff's other treating doctors had removed all restrictions on sitting, standing, and walking.  His only remaining restrictions were "no heavy lifting/bending."  (AR 256, 259, 260, 246).

- On December 13, 2017, Dr. Williams reiterated that Plaintiff's lumbar radiculopathy symptoms had improved.  (AR 257).  Dr. Williams and Dr. Vandenakker both agreed that with positional changes Plaintiff could perform light level work.  (AR 259) ("Plan: emailed Dr Vandenakker for input regarding disability and advised against moderate to heavy lifting Said *okay to do light work if can have frequent change of position*") (emphasis added).

- On September 26, 2018, Plaintiff reported to Dr. Vandenakker that his pain remained localized to his low back without radiation, weakness, or numbness

**CIVIL MINUTES—GENERAL**                                                              11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8094-MWF (Ex)            Date:  August 4, 2021
Title:     Douglas B. Scott v. Standard Insurance Company et al.

and it had not progressed. (AR 266). His low back pain was moderately controlled with his current regimen of Mobic, Flexeril, Tylenol p.m., and marijuana. (AR 266, 268). Plaintiff's only restriction remained "no heavy lifting/bending." (AR 266). He still had no sitting, standing, or walking restrictions. (*Id.*).

- On July 26, 2019, Dr. Vandenakker identified Plaintiff's only barrier to a return to work as his inability to lift over 30 pounds. (AR 224). Dr. Vandenakker noted that Plaintiff could *sit on an occasional basis* with frequent change of position. (*Id.*). She did not identify any limitations in his ability to stand or walk. (*Id.*).

- From July 2019 through September 2019, Drs. Vandenakker, Fong, and Cuza all opined that Plaintiff's back condition limited only his "ability to lift, carry, bend." (AR 227, 231, 232).

Having determined that no evidence supports restrictions beyond those identified by Drs. Vandenakker, Fong, and Cuza, the question becomes whether Plaintiff's restrictions preclude him from working in "Any Occupation" within the meaning of the Plan.

The Plan defines "Any Occupation" as "all occupations or employment which you could reasonably be expected to perform." (AR 32).

Standard's VCM completed a vocational assessment on September 11, 2019, identifying three alternative occupations that Plaintiff could perform: (1) Air Carrier inspector (light demand level); (2) Administrative Assistant (sedentary); and (3) Administrative Secretary (sedentary). (AR 484-486). Standard's VCM explained that Plaintiff was qualified to work as an Air Carrier Inspector, given his substantial work experience in the aviation maintenance industry, including Plaintiff's reported 35-plus years of experience in "aviation maintenance, quality, inspection, repair, supplier, instructor, consultant and coaching." (AR 484).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8094-MWF (Ex) | Date:  August 4, 2021 |
| Title:      Douglas B. Scott v. Standard Insurance Company et al. | |

Plaintiff makes three primary arguments with respect to the proposed occupations:  (1) his pain is so severe that he cannot work in any capacity; (2) he "has no experience working in an office and his skills as an aircraft mechanic are not transferable to an office setting"; and (3) his sitting limitation prevents him from performing any light or sedentary work.  (Motion at 29).

With respect to the first point, Plaintiff's subjective complaints of being "[u]nable to sit, stand, walk, carry, lift, concentrate, focus, drive, [or] talk" cannot be accepted at face value because they contradict the findings and opinions of his treating doctors and the independent peer reviewers.  *See Haber v. Reliance Standard Life Ins. Co.*, CV 14-9566- MWF (MANx), 2016 WL 4154917, at *5 (C.D. Cal. Aug. 4, 2016) ("The Court is not obligated to accept Haber's subjective complaints at face value, especially not after they have been cast into doubt by an independent medical examiner."); *see also Kushner v. Lehigh Cement Co.*, 572 F. Supp. 2d 1182, 1191 (C.D. Cal. 2008) ("Plaintiff claims that his subjective complaints should be accepted at face value.  The rule is to the contrary."); *Bratton v. Metro. Life Ins. Co.*, 439 F. Supp. 2d 1039, 1052 (C.D. Cal. 2006) ("[A] finding of disability based on mere subjective complaints would open the Plan up to malingering and would greatly hamper MetLife from exercising its fiduciary role of scrutinizing requests for benefits.").  Because Plaintiff's self-prescribed restrictions are based on subjective beliefs, and the restrictions are not supported by his Treating Physicians, the Court assigns these self-prescribed restrictions very little weight.

With respect to the second point, Plaintiff never submitted any evidence to contradict Standard's findings regarding his occupational qualifications and transferrable skills.  And Plaintiff does produce any evidence challenging Standard's determination that he is qualified for the job of Air Carrier Inspector.

Plaintiff's third point articulates his best argument.  Dr. Vandenakker noted that Plaintiff can sit only on an occasional basis with frequent position changes.  (AR 224).  If we take this evidence at face value and ignore the opinions of the Consulting Physicians who disagreed with this restriction, this rules out any sedentary work and any light duty positions that require more than occasional sitting.  *Armani v. Nw. Mut.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8094-MWF (Ex)                              Date:  August 4, 2021
Title:     Douglas B. Scott v. Standard Insurance Company et al.

*Life Ins. Co.*, 840 F.3d 1159, 1163 (9th Cir. 2016) ("[A]n employee who is unable to sit for more than half of the workday cannot consistently perform an occupation that requires sitting for 'most of the time.'").

Plaintiff argues that the sitting limitation rules out *all* "light work" positions because a position is considered "light work" when

> it requires a good deal of walking or standing, *or when it involves sitting most of the time* with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (emphasis added).

Plaintiff's assertion that any light work position necessarily involves sitting most of the time defies common sense and is contrary to the plain language of 20 C.F.R. § 404.1567(b).  The C.F.R. provides that a position is "light work" when it "requires a good deal of walking or standing, *or* when it involves sitting most of the time," not that all light duty positions require both walking/standing and sitting most of the time.  *Id.* (emphasis added).  Therefore, the Court disagrees with Plaintiff that 20 C.F.R. § 404.1567(b) declares that all "light work" positions require sitting most of the time.

As noted above, Plaintiff has failed to explain how Plaintiff's sitting limitation would rule out the Air Carrier Inspector position, which, according to the VCM, does not have an express sitting requirement:

> This occupation wouldn't exceed frequent standing or frequent walking.  It is noted the claimant would need to change position when either standing, walking, or sitting. The need to shift position is not always an accommodation in itself. Rather, from standing/walking standpoint the position would naturally require movement between stand - walk; or walk - stand throughout day.  Any static sitting would be at desk workstation.  In general there is autonomy to change position briefly as needed in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8094-MWF (Ex) | Date:  August 4, 2021 |
| Title:      Douglas B. Scott v. Standard Insurance Company et al. | |

> occupation.  Regarding sitting, it is increasingly common and reasonable for office environments to provide employees sit/stand workstations, wireless headsets, and other ergonomic tools for those needing to avoid fixed positions based on given medical condition. Therefore, when at a desk workstation an individual would have the autonomy to change positions frequently enough to not disrupt workflow in an occupation such as this. Furthermore, this occupation doesn't require exertion greater than 20 pounds occasionally or 10 pounds frequently; nor bending, twisting, squatting, crouching and stooping beyond occasional majority of the reaching for this occupation would be above waste level but not to exceed frequent.

(*See* AR 468).

Plaintiff's strongest argument with respect to the Air Carrier Inspector position is that it is not a "reasonable" occupation for Plaintiff under the Plan because there are only 14 of those positions available in Plaintiff's regional labor market.  (Opposition to Opening Trial Brief at 28).  This argument is misleading.  The Plan does not require that an occupation be ***reasonably obtainable*** — the Plan merely requires that the occupation "exists" within the regional labor market and that it is an occupation that Plaintiff could "reasonably be expected to perform":

> Any Occupation means all occupations or employment which you could ***reasonably be expected to perform*** satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity that ***exists*** within any of the following locations: (i) a reasonable distance or travel time from your residence in light of the commuting practices of your community; or (ii) a distance or travel time equivalent to the distance or travel time you traveled to work before becoming Disabled; or (iii) ***the regional labor market***, if you reside or resided prior to becoming Disabled in a metropolitan area.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-8094-MWF (Ex) | Date:  August 4, 2021 |
| Title:     Douglas B. Scott v. Standard Insurance Company et al. | |

(AR 32).  Pointing out that there are only 14 of these positions available in Plaintiff's regional labor market falls short of establishing that the occupation does not exist in the regional labor market or that Plaintiff cannot reasonably perform the duties of this occupation.

As discussed above, Plaintiff has failed to show by a preponderance of evidence that he is unqualified or physically unable to perform the duties of an Air Carrier Inspector.  The Court therefore determines that Plaintiff has failed to show that he is entitled to continuing LTD benefits under the Plan.

Although this may seem like a harsh result, eligibility for benefits depends on the terms of the Plan, which must be enforced as written.  *See Heimeshoff v. Hartford Life & Accident Insurance Co.*, 571 U.S. 99, 108 (2013) ("The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan.") (citing 29 U.S.C. § 1102(a)(1)).

As a final matter, the Court notes that the parties argued forcefully in the briefs and at the hearing about the apparent inconsistency between Standard's termination of LTD benefits and Scott's award of Social Security disability benefits (the "SSDI Award").  *See Ratkovic v. Northrop Grumman Corp. Employee Welfare Ben. Plan*, CV 06-08255 MMM (JWJx), 2009 WL 453056, at *13 (C.D. Cal. Feb. 20, 2009) ("where an administrator requires that the claimant apply for, and benefits from an SSDI award, its 'denial of benefits under such circumstances may be deemed 'inconsistent' [] and may 'cast additional doubt on the adequacy of [the plan's] evaluation of [the plaintiff's] claim.'") (citation omitted)).

Standard advances several arguments for why the SSDI Award is not relevant to the question before this Court:  (1) ERISA plan administrators are not bound by the SSA's determination; (2) the two disability programs are administered under different rules; and (3) Standard's LTD determination was made nearly two years after the SSDI Award was issued and Standard had the benefit of updated medical information.  (Opening Trial Brief at 13, 15; Defendant's Responsive Trial Brief at 21-23).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-8094-MWF (Ex) | **Date:** August 4, 2021 |
| **Title:** Douglas B. Scott v. Standard Insurance Company et al. | |

The Court agrees with Standard that the SSDI Award is not relevant here for the reasons outlined above. The first two points are particularly persuasive because they highlight that Standard's decision to deny benefits is not tethered to the SSA's determination of disability benefits. *See Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 635 (9th Cir. 2009) (citing *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 110 (2008) ("ERISA plan administrators are not bound by the SSA's determination.").

In addition, Standard's failure to reconcile the SSDI Award and apparent failure to provide the Consulting Physicians with information regarding the SSDI Award at most would affect the weight to be given to the Consulting Physicians' opinions, and thus possibly constitute an abuse of discretion by Standard. (Opposition to Opening Trial Brief at 25) (citing *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 110 (2008)). However, Plaintiff has failed to explain how this potential abuse of discretion is relevant to the question before this Court, *i.e.*, whether Plaintiff has shown by a preponderance of evidence that he is entitled to benefits under the Plan. The Court's conclusion with respect to LTD benefits is not affected by Standard's potential abuse of discretion because (1) the Court's conclusion does not rely on the opinions of the Consulting Physicians; and (2) the Court gives no deference to Standard's determinations on de novo review.

Furthermore, the record before this Court does not contain the SSDI Award letter, the medical evidence that the SSDI Award was based on, or *any* evidence shedding light on how the Social Security Administration reached its conclusion. (AR 207, 325-327, 529-532, 1628, 1638-1639, 1654, 1656).

In sum, Plaintiff has failed to persuade the Court that the existence of the SSDI award somehow outweighs the fact that Plaintiff is not disabled within the meaning of the Plan. *See Heimeshoff*, 571 U.S. at 108 (explaining that the Plan must be enforced as written).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-8094-MWF (Ex) | **Date:** August 4, 2021 |
| **Title:** Douglas B. Scott v. Standard Insurance Company et al. | |

## III. CONCLUSION

For the reasons discussed above, Standard's termination of LTD benefits as of June 1, 2019, is **AFFIRMED**. Standard's denial of Plaintiff's claim for life insurance waiver premium benefits is also **AFFIRMED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.